UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mark W. Dobronski,

     Plaintiff,

v.                                     Civil Case No. 20-cv-12639

Keroles Enterprises LLC, *et al.*,        Sean F. Cox
                                          United States District Court Judge

     Defendants.

_____/

## OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO DISMISS;
## GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS;
## AND DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND STAY
## OF DISCOVERY

Plaintiff, Mark W. Dobronski ("Dobronski"), sued Defendants, Keroles Enterprises LLC ("Keroles Enterprises") and Mary Fouad Keroles ("Mary Keroles"), for claims arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). The parties have briefed the issues and the Court concludes that oral argument is not necessary. Thus, the Court orders that the motions will be decided without a hearing. *See* E.D. Mich. LR 7.1(f).

The matters currently before the Court are (1) Defendants' motion to dismiss Dobronski's TCPA claims for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) (ECF No. 6); (2) Defendants' motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) regarding Dobronski's FDCPA claims (ECF No. 15); and (3) Defendants' motion for a protective order and stay of discovery (ECF No. 19). For the reasons set forth below, the Court:

1

- DENIES Defendants' motion to dismiss Dobronski's TCPA claims;

- GRANTS Defendants' motion for judgment on the pleadings and DISMISSES Count V of the Complaint; and

- DENYS Defendants' motion for a protective order and stay of discovery as moot.

## BACKGROUND

Dobronski commenced this action in Washtenaw County Circuit Court on or about May 18, 2020. (ECF No. 1-3). Defendants removed this action to this Court on September 25, 2020. (ECF No. 1).

In the Complaint, Dobronski alleges four counts of TCPA violations: (1) violation of the TCPA 47 C.F.R. 64.1200(a)(1) and 47 U.S.C. § 227(b)(1) alleging that Defendants initiated a telephone call using an automatic telephone dialing system to an emergency line of a law enforcement when there was not an emergency or alternately to a telephone number assigned to a paging service, specialized mobile radio service, or other radio common carrier service, and Defendant did not have prior express consent of the called party (Count I); (2) violation of the TCPA 47 C.F.R. 64.1200(a)(5) alleging that Defendants used an automatic telephone dialing system in such a way that two or more telephone lines of a multi-line business were engaged simultaneously (Count II); (3) violation of the TCPA 47 C.F.R. 64.1200(b)(1) alleging that the artificial or pre-recorded voice message did not identify the business or entity responsible for initiating the call (Count III); (4) violation of the TCPA 47 C.F.R. 64.1200(b)(2) alleging that the artificial or pre-recorded voice message did not during or after the message state clearly the telephone number of the business or entity (Count IV). Dobronski also alleges one count of a FDCPA violation claiming that Defendants called him repeatedly with intent to annoy, abuse, or

2

harass him without the meaningful disclosure of the caller's identity in violation of 15 U.S.C. § 1692(d) and that the debt collector made a false representation that the communication was from an attorney and used a false name in violation of 15 U.S.C. § 1692(e) (Count V).

Dobronski asserts that he is the President and Chief Executive Officer of Adrian & Blissfield Railroad Company ("ADBF"), an interstate railroad common carrier. (ECF No. 1-3 at PageID 17). Dobronski alleges that his "home, office, and wireless telephone lines have been besieged with telemarketing calls hawking such things as alarm systems, automobile warranties, health insurance, life insurance, credit cards, and even financial miracles from God." (ECF No. 1-3 at PageID 20). Dobronski notes that some of the calls are blatant scams. (ECF No. 1-3 at PageID 20).

Specific to this action, Dobronski alleges:

On April 1, 2020, at 4:39 P.M., all four (4) of ADBF's incoming telephone lines (telephone number 734-641-2300) began to ring simultaneously. Upon answering each incoming call, the caller identification number would display 831-778-4167, Plaintiff would receive a "click" sound, and then the call would disconnect. As Plaintiff would hang up an incoming telephone line to take the next line, the line that was just hung up would ring again. Each time, the same pattern of events would transpire. A total of twelve (12) such incoming calls were received during a one minute period, which is indicative of an automated telephone dialing system being used.

On April 7, 2020, at 11:32 A.M., ADBF's telephone line (telephone number 734-641-2300) rang. The caller identification number displayed was 831-778-4167. Upon Plaintiff answering the incoming call, a prerecorded message in a female voice stated:

"This is not a solicitation. This is a final attempt to offer you an opportunity to prevent a court filing attached to your name. If you would like to speak with one of our representatives to discuss your case press the number one on your dial pad. Thank you."

Plaintiff pressed "1" to speak to a representative and was connected to an individual who identified himself as Joe Phillips. Upon questioning, Phillips stated that he was

3

with "UAA Law Firm" in Santa Ana, California. Plaintiff asked for clarification as to what "UAA" might stand for, and was refused. Plaintiff asked to speak to one of the attorneys, and was refused. Plaintiff asked for the address to send a cease and desist letter, and was refused. Phillips hung up.

(ECF No. 1-3 at PageID 22) (paragraph numbers removed).

On November 18, 2020, Defendants filed the motion to dismiss Dobronski's TCPA claims (Counts I-IV) for lack of subject matter jurisdiction. (ECF No. 6). On January 8, 2021, Defendants filed a motion for judgment on the pleadings on Dobronski's FDCPA claims (Count V). (ECF No. 15). On January 11, 2021, Defendants filed a motion for a protective order and stay of discovery until the Court's ruling on the other pending dispositive motions. (ECF No. 19). The motions were fully briefed by the parties. A Zoom hearing was scheduled for April 8, 2021 on all three of Defendants' motions. (ECF No. 23). However, on April 1, 2021, the Court received a notice from the United States of America ("United States") that it was considering intervening on the motion to dismiss regarding the constitutionality of the TCPA. (ECF No. 34). Accordingly, the Court adjourned the hearing. (ECF No. 35). On May 28, 2021, the United States intervened (ECF No. 40) and filed a response (ECF No. 41) to Defendants' motion to dismiss.

## STANDARD OF REVIEW

### FED. R. CIV. P. 12(b)(1)

A motion to dismiss brought under Rule 12(b)(1) is a challenge to the Court's subject matter jurisdiction. "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A *facial* attack is a challenge to the sufficiency of the pleading itself." *Id.* (emphasis in original). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Id.* (emphasis

4

in original). Here, Defendants attack the factual existence of subject matter jurisdiction. (*See* Def's Br. at 5-17).

"On such a motion, no presumptive truthfulness applies to the factual allegations" and this Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 598. "[W]hen a defendant produces evidence challenging the existence of standing, a plaintiff must generally prove standing with evidence, even at the motion-to-dismiss stage." *Harris v. Lexington-Fayette Urban Cnty. Govt.*, 685 F. App'x 470, 472 (6th Cir. 2017). And it is well established that the plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016).

Accordingly, "[t]o defeat a factual attack, a plaintiff 'must prove the existence of subject-matter-jurisdiction by a preponderance of the evidence" and is "obliged to submit facts through some evidentiary method to sustain his burden of proof.'" *Superior MRI Svs., Inc. v. Alliance Healthcare Svs., Inc.*, 778 F.3d 502, 504 (6th Cir. 2015) (citations omitted).

**FED. R. CIV. P. 12(C)**

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

A motion to dismiss tests the legal sufficiency of the plaintiff's complaint. To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

Although the Court must accept all well-pleaded factual allegations as true for purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Thus, to avoid dismissal, "a complaint must contain sufficient factual matter," accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

## ANALYSIS

### I. Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1)

Defendants argue that the Court lacks subject matter jurisdiction over Dobronski's TCPA claims (Counts I-IV) because violation of an unconstitutional law is not a justiciable question. (ECF No. 6, at PageID 79). Specifically, Defendants argue that Dobronski's claims are based on alleged violations of the TCPA's automated-call ban, which the Supreme Court ruled unconstitutional in *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020)("*AAPC*"). (ECF No. 6, at PageID 79).

In *AAPC*, the Supreme Court addressed the constitutionality of 47 U.S.C. § 227(b)(1)(A)(iii). That provision as originally enacted in 1991, prohibits robocalls "to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A(iii). In 2015, Congress amended the provision, as follows:

(a) IN GENERAL—Section 227(b) of the Communications Act of 1934 ... is amended--
(1) in paragraph (1)--
(A) in subparagraph (A)(iii), by inserting 'unless such call is made solely to collect a debt owed to or guaranteed by the United States' after 'charged for the call.'

The effect of this "government-debt" exception was to allow government debt collectors to place robocalls.

In *AAPC*, the plaintiffs desired to make robocalls in support of their political issues and because they were not in the business of collecting government debt, § 227(b)(1)(A)(iii) prohibited them from making those robocalls. *AAPC*, 140 S. Ct. at 2345. The Supreme Court concluded that the government-debt exception was a content-based restriction on speech and that it was unconstitutional. *Id*. at 2347.

The Justices were deeply divided. Two Justices joined Justice Kavanaugh's plurality opinion, concluding that 47 U.S.C. § 227(b)(1)(A)(iii) violated the Constitution, but that severance of part of the offending part of the statute cured the constitutional infirmity. *Id*. at 2348. Four additional Justices concurred in the judgment. *Id*. at 2356-2363. Justice Gorsuch dissented and Justice Thomas joined in the dissent on the basis that severance is not proper in the context of the case. *Id*. at 2363-2367.

Here, the calls at issue to Dobronski occurred in April 2020, three months prior to the Supreme Court's July 2020 *AAPC* opinion holding that the ban was unconstitutional and remedying it by severing the government-debt exception. The logical question is whether § 227(b)(1)(A)(iii) is enforceable for robocalls made between the 2015 enactment of the government-debt exception and July 6, 2020 when it was ruled unconstitutional. The plurality opinion endorsed by only three Justices provided in a footnote:

> As the Government acknowledges, although our decision means the end of the government-debt exception, no one should be penalized or held liable for making robocalls to collect government debt after the effective date of the 2015 government-debt exception and before the entry of final judgment by the District Court on remand in this case, or such date at the lower courts determine is appropriate. On the other side of the ledger, **our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction.**

*Id*. at n. 12 (internal citations omitted) (emphasis added).

District courts across the country have disagreed as to whether they have subject matter jurisdiction over robocalls made between 2015 and 2020 because during that period at least a portion of the statute was unconstitutional. The only district court that has addressed the issue in the Sixth Circuit is *Lindenbaum v. Realgy, LLC*, 2020 WL 6361915, Case No. 1:19 CV 2862, (N.D. Ohio Oct. 29, 2020). *Lindenbaum* held that the severance of the government-debt exception applies only prospectively and the district court lacked jurisdiction because the § 227(b)(1)(A)(iii) was unconstitutional at the time of the alleged violations. *Id*. at *3 (citing *Creasy v. Charter Communications, Inc.*, 439 F.Supp.3d 499 (E.D. La. 2020)).[1] *Lindenbaum* agreed with the *Creasy* court in characterizing "footnote 12 as passing Supreme Court dicta of no precedential force" because it was only endorsed by three Justices. *Id*. at *5.

However, as the United States notes in its brief, the reasoning and conclusion in *Lindenbaum* is contrary to the many district courts that have rejected the argument that robocallers can avoid liability for autodialed calls and texts during that period. *Abramson v. Fed. Ins. Co.*, No. 8:19-cv-2523-T-60AAS, 2020 WL 7318953, at *2 (M.D. Fla. Dec. 11, 2020) ("the vast majority of cases this Court has reviewed conclude that parties may continue to bring claims under the

---

[1] The *Lindenbaum* decision has been appealed to the Sixth Circuit, and the United States has also intervened in that matter. *Lindenbaum v. Realgy, LLC*, Case No. 20-4252 (6th Cir.).

portions of § 227(b) unaltered by *AAPC*."); *Buchanan v. Sullivan*, No. 8:20-CV-301, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020); *Schmidt v. AmerAssist A/R Sols. Inc.*, No. CV-20-00230-PHX-DWL, 2020 WL 6135181, at *4 n.2 (D. Ariz. Oct. 19, 2020); *Lacy v. Comcast Cable Communications*, LLC, No. 3:19-cv-05007-RBL, 2020 WL 4698646, at *1 (W.D. Wash. Aug. 13, 2020); *Komaiko v. Baker Techs., Inc.*, No. 19-cv-03795-DMR, 2020 WL 5104041, at *2 (N.D. Cal. Aug. 11, 2020); *Burton v. Fundmerica, Inc.*, No. 8:19-CV-119, 2020 WL 4504303, at *1 n.2 (D. Neb. Aug. 5, 2020).

While footnote 12 may only be endorsed by three Justices, this Court finds it persuasive considering the Supreme Court's prior decisions regarding the effect of invalid amendments to constitutional statutes. As the plurality opinion in *AAPC* notes, the Supreme Court "has treated the original, pre-amendment statute as the valid expression of legislative intent" when Congress added an unconstitutional amendment to a prior law. *AAPC*, 140 S. Ct. at 2353 (citing *Frost v. Corporation Comm'n of Okla.*, 278 U.S. 515, 526-527 (1929). In *Eberle v. Michigan*, the Supreme Court upheld a defendant's conviction under a state law even though amendments to the law (which were in effect when the defendant violated the law) were held unconstitutional. 232 U.S. 700, 705 (1914). In *U.S. v. Jackson*, an amendment to the Federal Kidnapping Act was found unconstitutional; but the Supreme Court upheld the conviction of a defendant who violated the statute during the time the unconstitutional amendment was in effect. 390 U.S. 570, at 585-586 (1968). The Court specifically said, "the unconstitutionality of that clause does not require the defeat of the law as a whole." *Id*. at 586.

Defendants argue that "the entire TCPA robocall restriction, as written, was an unconstitutional, content-based suppression of free speech[,]" and therefore, the Court does not

have subject matter jurisdiction. (ECF No. 8, at PageID 107). But this is contrary to the body of Supreme Court caselaw described above. *Eberle*, 232 U.S. at *705; *Jackson*, 390 U.S. at 585-586. Therefore, Defendants' argument is unavailing.

The Court DENIES Defendants' motion to dismiss and find that the Court has subject matter jurisdiction over the TCPA claims in this case.

## II. Defendants' Motion for Judgment on the Pleadings Pursuant to rule 12(c)

Defendants' motion for judgment on the pleadings concerns only Count V, Dobronski's FDCPA claims. (ECF No. 15).

The FDCPA was enacted in order "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA is considered a strict liability statute, *Kistner v. Law Offices of Michael P. Margelefsky*, 518 F.3d 433, 438 (6th Cir. 2008), and a consumer need only prove that the debt collector violated "any provision" of the Act to be entitled to damages. 15 U.S.C. § 1692k. Courts are required to analyze alleged FDCPA violations "through the lens of the least sophisticated consumer." *Gionis v. Javitch, Block & Rathbone LLP*, 238 Fed.Appx. 24, 28 (6th Cir. 2007). The least sophisticated consumer "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

In order for Plaintiff's claims to fall within the purview of the FDCPA, the following must be established: (1) that Plaintiff is a "consumer," as defined under 15 U.S.C. § 1692a(3); (2) that Plaintiff incurred a "debt," as defined under 15 U.S.C. § 1692a(5); (3) that Defendants are "debt

collectors," as defined under 15 U.S.C. § 1692a(6); and (4) that Defendants violated one or more

of the FDCPA's prohibitions. *Estep v. Manly Deas Kochalski, LLC*, 942 F. Supp. 2d 758, 766 (S.D.

Ohio Apr. 29, 2013) (internal citations omitted). See *Currier v. PDL Recovery Grp., LLC*, No. 14-

12179, 2017 WL 712887, at *13 (E.D. Mich. Feb. 23, 2017).

      Here, the second element – whether Dobronski incurred a debt – is at issue. Defendants

correctly argue that Count V should be dismissed because Dobronski "fails to even allege the

existence of any debt, much less that the alleged calls at issue were made in connection with any

consumer debt, as required to state a claim under FDCPA." (ECF No. 15, at PageID 218).

      "A threshold requirement for application of the FDCPA is that the prohibited practices are

used in an attempt to collect a 'debt,' as that term is defined by § 1692a(5)." *Currier*, 2017 WL

712887, at *13 (citing *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1167 (3d Cir. 1987)).

The term "debt" is defined by the FDCPA as:

> any obligation or alleged obligation of a consumer to pay money arising out of a
> transaction in which the money, property, insurance, or services which are the
> subject of the transaction are primarily for personal, family, or household purposes,
> whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). "It is the Plaintiff's burden to establish that the obligation at issue was a

consumer debt, which is one incurred primarily for personal, family, or household purposes."

*Currier*, 2017 WL 712887, at *13 (internal citations removed). Additionally, "the FDCPA does

not cover communications that do not refer or imply the existence of a debt and thus do not reveal

information about the debtor's debts." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir.

2015).

      In his Complaint, Dobronski fails to allege any facts that he had incurred a debt at all, much

less that the debt was a consumer debt. (ECF No. 1-3). Therefore, Dobronski has not alleged

"enough facts to state a claim for relief that is plausible on its face" because he has not alleged any facts to fulfill the second element of an FDCPA claim. *Twombly*, 550 U.S. at 555.

The Court GRANTS Defendants' motion for judgment on the pleadings and DISMISSES Count V.

**III. Defendants' Motion for a Protective Order and Stay of Discovery**

In Defendants' motion they request the Court stay all discovery deadlines and preclude the parties from engaging in discovery until a final ruling on the then-pending dispositive motions in this matter. (ECF No. 19, at PageID 263). As the Court has ruled on those motions above, Defendants' motion for a protective order and stay of discovery is now moot.

Therefore, the Court DENIES Defendants' motion for a protective order and stay of discovery.

**CONCLUSION**

For the reasons explained above, the Court:

(1) DENIES Defendants' motion to dismiss for lack of subject matter jurisdiction (ECF No. 6);

(2) GRANTS Defendants' motion for judgment on the pleadings (ECF No. 15) and DISMISSES Dobronski's FDCPA claims (Count V of the Complaint); and

(3) DENIES Defendants' motion for a protective order and stay of discovery (ECF No. 19) as moot.

Therefore, only Dobronski's TCPA claims (Counts I – IV) remain at issue in this case.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 2, 2021